# CULLIN O'BRIEN LAW, P. A.

## REPRESENTATION WHEN IT MATTERS MOST

**Cullin O'Brien, Esq.**
6541 NE 21st Way
Fort Lauderdale, FL 33308
Tel. (561) 676 - 6370 | Fax. (561) 320 - 0285 | www.cullinobrienlaw.com | Email: cullin@cullinobrienlaw.com

**October 23, 2017**

Clerk of the Court
U.S. Court of Appeals for the 9th Circuit
95 Seventh Street
San Francisco, California 94103

**Re:** Supplemental Authority in *Torrent v. Yakult U.S.A., Inc.*, No. 16-56338 (9th Cir.)
Submitted on Behalf of Plaintiff/Appellant Nicolas Torrent

Dear Clerk of the Court,

*Davidson v. Kimberly-Clark Corporation, et al*, --- F.3d ----, 2017 WL 4700093, at *1 (9th Cir. Oct. 20, 2017), attached hereto as **Exhibit 1**, is pertinent and significant to Plaintiff-Appellant's arguments that he had Article III standing to pursue injunctive relief under California's Unfair Competition Law ("UCL") arising out of Defendant-Appellee's false advertising of its Yakult product, even though Plaintiff-Appellant had uncovered the false advertising prior to bringing his lawsuit. (Plaintiff-Appellant's Opening Br. at pp. 6-11).

In *Kimberly-Clark*, this Court reviewed the dismissal of a putative class action under the UCL and other statutes arising out of the alleged false advertising of flushable cleansing wipes. *Kimberly-Clark*, 2017 WL 4700093, at *1. *Inter alia*, this Court set forth the following holding:

> We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm.

*Kimberly-Clark*, 2017 WL 4700093, at *9. This Court went on to state: "the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id*.

1

# CULLIN O'BRIEN LAW, P. A.

## REPRESENTATION WHEN IT MATTERS MOST

**Cullin O'Brien, Esq.**
6541 NE 21st Way
Fort Lauderdale, FL 33308
Tel. (561) 676 - 6370 | Fax. (561) 320 - 0285 | www.cullinobrienlaw.com | Email: cullin@cullinobrienlaw.com

Here, before and during the litigation, Plaintiff-Appellant purchased Yakult and testified that he would purchase Yakult again. (Docs. 53-54, 62). Thus, this Court's holding in *Kimberly-Clark* should be dispositive on the issue of whether Plaintiff-Appellant has Article III standing to pursue injunctive relief under California's UCL arising out of Defendant-Appellee's false advertising of its Yakult product.

Respectfully submitted,

*/s/ Cullin O'Brien*
Cullin O'Brien

CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Ft. Lauderdale, Florida 33308
Telephone: (561) 676-6370
Fax: (561) 320-0285
cullin@cullinobrienlaw.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing contains 289 words, in compliance with Circuit Rule 28-6.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2017 a true and correct copy of the foregoing has been filed with ECF and served on Appellee's attorneys who are registered to receive electronic filings.

*/s/ Cullin O'Brien*
Cullin O'Brien